## WILLIAM H. LOVETT *vs.* SALEM AND SOUTH DANVERS RAILROAD COMPANY.

In an action against a railroad company to recover damages for a personal injury, the plaintiff may set forth his case in different ways in different counts, charging the defendants with running upon him while he was in the highway, with committing an assault and battery upon him, and with compelling him to leap from the car while it was in motion, whereby he was thrown down and injured.

If a boy of ten years old wrongfully gets upon a street railway car while it is in motion, without the intention or means of paying fare, and is not at once removed, but is wrongfully allowed by the servants of the railway company to remain there for a time, and the driver afterwards, while driving at such a rate of speed as to make it dangerous for the boy to leave the car, orders him to jump off, and the boy does so, using reasonable care, and is injured, he may maintain an action against the railway company to recover damages.

This court cannot decide, on a bill of exceptions, that permitting a boy of ten years old to be in the street with other boys after dark is such negligence as to prevent him from recovering damages for a personal injury sustained by him from being wrongfully compelled to leave a street railway car while the same was in motion, although he had wrongfully got upon the same.

TORT against a street railway company to recover damages for a personal injury sustained by the plaintiff, a boy of ten years old. The 1st and 3d counts of the declaration charged the defendants with having carelessly driven one of their cars upon the plaintiff while he was lawfully in the highway, and thus run over and injured him. The 2d count charged that they committed an assault and battery upon him. The 4th count set forth that the plaintiff was a passenger in one of the defendants' cars, and was lawfully upon the platform by license of the conductor, and while there, and while the car was driven at great speed, the driver wrongfully and carelessly compelled the plaintiff to jump therefrom, without checking the speed, whereby the plaintiff, though using due care, was thrown down and run over and injured, so that his arm had to be amputated.

The defendants demurred to the 2d count specially, as setting forth no legal cause of action, and to the whole declaration, on the ground that inconsistent causes of action were joined therein; but the demurrer was overruled.

At the trial in this court, before *Metcalf*, J., the plaintiff introduced evidence tending to show that on the evening of the accident, at about seven o'clock, in November, he was in the street,

by permission of his parents, in company with another lad a year older than himself, when a car of the defendants approached in the same direction in which they were walking, and they got upon the rear platform, not having the intention or means of paying fare, and the conductor told them to "go on front," which they did, and rode a short distance without objection from the driver, and then the driver told them to get off; and the plaintiff testified that he thought he felt the driver's hand or foot, and saw him move his hand; upon which the plaintiff jumped off backwards, and fell down, and the wheels passed over his right arm and so injured it that amputation became necessary. The evidence as to these facts was conflicting.

After the plaintiff had put in his case, the defendants requested that he might be required to elect upon which count he would rely; but the judge refused so to order. The defendants offered to prove that positive orders had been given to all conductors and drivers not to allow boys to ride upon the platforms and steps of cars, nor to allow any person to ride without payment of fare, or under any circumstances to ride upon the front platform; but the evidence was excluded.

The defendants requested the court to instruct the jury as follows:

"1. That although a corporation may be responsible for the wrongful acts of its servants in the discharge of a duty assigned them, it is not responsible for such acts done beyond the scope of their duty; and that if the servants of a corporation, publicly known as a corporation, authorized to carry passengers for hire, without authority and against orders, allow boys to ride without paying fare and upon a part of the car obviously not proper for passengers, a state of things exists so manifestly beyond any contemplated by the duty assigned to the servants, that the corporation cannot be held responsible for any excess or wilful misconduct of the servants.

"2. That it was wrong for the child to get upon the cars, as it is claimed that he did, and, if he was too young to understand the nature and effect of his conduct, those having the care of him should not have allowed him in a street where cars run,

after dark, without some one to restrain him, and that such negligence or want of care or unlawful conduct upon the part of the child or those having the care of him must have contributed to the injury to such a degree that he cannot recover, and that, this being matter of law, the defendants are entitled to a verdict accordingly.

" 3. That the plaintiff having offered no evidence that he was himself in the exercise of due care, but, on the contrary, the whole evidence on which his. case rests having shown that he was careless, the court should instruct the jury as matter of law that the action cannot be maintained.

" 4. That if the plaintiff was guilty of any negligence in getting off the car, which contributed to the accident, he cannot recover, and that this rule is not to be controlled by any consideration of the tender age of the child, but that, under the circumstances, he and those having him in charge will be held to the same degree of care as a person of mature age; and that, in considering whether the driver was guilty of any excess towards a person wrongfully upon the cars, regard must be had to the circumstances under which the driver found himself, and the provocation or excitement occasioned by the act of the boy."

The judge declined so to instruct the jury, but instructed them that as matter of law there was no evidence to sustain the 1st and 3d counts: that the boys were rightfully upon the front platform if the conductor gave them permission to be there; but that the plaintiff, if wrongfully there, might recover on the 4th count, if the driver by words only ordered him to get off from the car, intending thereby to make him leave it while in motion, and the plaintiff by reason of being so ordered left the car and was injured, unless he omitted to use such care in getting from the car as could reasonably be expected from him; and that it was for the jury to determine whether it was carelessness on the part of those having charge of the boy to allow him to be in the street at that hour.

The jury returned a verdict for the plaintiff upon the 4th count, with damages, and for the defendants upon the other counts. The defendants alleged exceptions.

*S. H. Phillips*, for the defendants. The demurrer was well taken. Gen. Sts. *c.* 129, § 2. The acts of the conductor and driver, in permitting the plaintiff to ride, were beyond the scope of their duty, and the defendants should therefore be exonerated. *Lygo* v. *Newbould*, 9 Exch. 302. Evidence was competent to show the instructions given to them. The other instructions requested should have been given. Under the rulings of the judge, the jury were authorized to hold the defendants liable for the use of words only by the driver. This being so, all of the attending circumstances should have been admitted in evidence. It is exacting too much, to require street railway corporations to furnish drivers of such forgiving dispositions that under no circumstances can they be betrayed into the use of words which may alarm small boys who know that they are doing wrong. The use of mere words was not such compulsion as to warrant the plaintiff in jumping from the car in such a manner as to endanger himself. The instruction should certainly have required the jury to find that the car was in rapid motion. Upon the whole case, the plaintiff has failed to show that he was entitled to recover. His own negligence and that of those who had him in charge, and his own wrongful act, contributed to the injury. *Way* v. *Foster*, 1 Allen, 408. *Worcester* v. *Essex Merrimack Bridge*, 7 Gray, 457. *Gregg* v. *Wyman*, 4 Cush. 322. *Bosworth* v. *Swanzey*, 10 Met. 363. *Babcock* v. *Thompson*, 3 Pick. 446.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the plaintiff. The defendants are responsible for their servants' acts. *Hewett* v. *Swift*, 3 Allen, 420. *Philadelphia, &c. Railroad* v. *Derby*, 14 How. 468 *Steamboat New World* v. *King*, 16 How. 469. It is immaterial that no fare was paid. *Todd* v. *Old Colony, &c. Railroad*, 3 Allen, 18; or that the servants acted in wilful disregard of orders; *Southwick* v. *Estes*, 7 Cush. 385; *Weed* v. *Panama Railroad*, 5 Duer. R. 193; or even that the plaintiff might be a trespasser; *Daley* v. *Norwich &c. Railroad*, 26 Conn. 591; *Lynch* v *Nurdin*, 1 Q. B. 29. There was no negligence on the part of the plaintiff, or of those having him in charge. *Oldfield* v. *New York, &c. Railroad*, 3 E. D. Smith, 103.

CHAPMAN, J. The defendants' objection that the plaintiff has set forth his cause of action in more than one count is not valid. It was provided by *St.* 1851, *c.* 233, § 2, that " one count and no more " should be inserted in the declaration for each cause of action. But in the revision of this act in 1852 this provision was changed. By *St.* 1852, *c.* 312, § 1, " one count only need be inserted for each cause of action." This language does not restrain the plaintiff from inserting more than one, if he deems it expedient to do so, but leaves it at his option. It was clearly intended to alter the statute of the previous year in this respect.

Under the instructions of the court, the jury must have found that, though the plaintiff was wrongfully upon the defendants' car, the driver ordered him to get off from it, intending thereby to make him leave it while in motion; that the plaintiff, by reason of being so ordered, left the car while it was in motion, and was thereby injured; and that in getting off he used ordinary care.

If the plaintiff had been a person of mature age, the mere words of the driver could not have been regarded as equivalent to a forcible ejection of the plaintiff from the car at a time when it was dangerous to leave it. For such a person might have exercised his own judgment as to the peril he might incur in attempting to obey the order. But the plaintiff was a child about ten years of age. His obedience would be naturally expected, without regard to the risk he might incur; and in respect to a child so young, the command would be equivalent to compulsion. As he was in fact badly injured, though it is found by the jury that he used due care, it is plain that the car was moving at such a rate that the attempt to get off was dangerous. The case therefore presents the question, whether, if a child of such tender years wrongfully gets upon the platform, and is not immediately expelled, the driver may afterwards expel him while he is driving at such a rate as to make it dangerous for the child to leave ; or whether he must not first stop the car, or slacken its speed to such a degree that the child may leave the car in safety, provided he uses due care. It is different from the question what

he might do for the purpose of preventing the child from getting on, or forcing him back immediately after he came upon the platform; and that subject need not be discussed here.

It was the right as well as the duty of the driver to protect the property of the defendants which had been intrusted to his care and management. But it is said in *Bird* v. *Holbrook*, 4 Bing. 628, that for the protection of property no man has a right to resort to violence greater than the occasion requires. In 1 Hilliard on Torts, (2d ed.) 160, the law applicable to this subject is stated as follows: " The fact that a plaintiff is a trespasser or violator of the law does not of itself discharge another from the observance of due and proper care towards him; or the duty of so exercising his own rights as not to injure the plaintiff unnecessarily. Neither will it necessarily preclude the plaintiff from a recovery against a party guilty of negligence." The cases of *Norris* v. *Litchfield*, 35 N. H. 271, and *Kerwhacker* v. *Cleveland, &c. Railroad*, 3 Ohio (N. S.) 172, contain a full discussion of the doctrine, and a reference to the authorities. In *Barnes* v. *Ward*, 9 C. B. 420, it is said that a trespasser is liable to an action for the injury which he does, but he does not forfeit his right of action for an injury sustained by him. These doctrines must be regarded as reasonable, and the contrary doctrine would be unreasonable. If, for example, a person were to go on board of a ship just ready to set sail, it would be very unreasonable to hold that, because he was there without right and as a mere trespasser, the master might compel him to leave the ship by jumping into the sea several miles from the shore. It must be admitted that this is an extreme case, but on the same principle it would be unreasonable to hold that when the driver of the defendants' car found the plaintiff riding upon the platform as a trespasser he might compel him to leave while he was driving at such a rate as to make the act dangerous. The plaintiff was liable to an action for the trespass com mitted by him, and he was liable to be removed; but it was not necessary or reasonable that the right of removing him should be so exercised as to expose him to personal injury. For the negligence of the defendants' servant in this respect, they are

liable. It was in his power, by reasonable efforts, to make it safe for the plaintiff to obey him, and he ought to have used such efforts.

It does not appear that the plaintiff participated in this carelessness. If we assume that he was not only guilty of a trespass but of carelessness in getting upon the car, yet that carelessness was past, and he was riding in safety; so that his carelessness in getting upon the car did not contribute to the injury as a proximate cause. In leaving the car he acted by constraint.

The doctrine that a party cannot recover in a case where he must trace his title to recover through his own illegal act, as stated in *Way* v. *Foster*, 1 Allen, 408, and the other cases cited by the defendants' counsel, is not applicable to such a case as this. The cause of action is the wrongful act of the defendants' servant in compelling the plaintiff to leave the car while he was driving at such a rate that, though the plaintiff used due care, the act of leaving caused an injury to him. The plaintiff's trespass is a separate matter.

It is contended that the parents of the plaintiff were guilty of negligence in permitting the plaintiff to be abroad at that time. But the court cannot know this judicially. The question whether a boy of that age has sufficient capacity to take care of himself should be left to the jury. *Exceptions overruled.*